IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES ALPINE, } | |
| TDCJ-CID NO. 1422624, } | |
| Petitioner, } | |
| v. } | CIVIL ACTION NO. H-09-1121 |
| } | |
| NATHANIEL QUARTERMAN, } | |
| Respondent. } | |

OPINION ON DISMISSAL

By this petition, *pro se* state inmate Charles Alpine has filed a federal habeas petition seeking relief under 28 U.S.C. §2254 for a 2007 conviction in the 184th Criminal District Court of Harris County, Texas, for aggravated assault with a deadly weapon. (Docket Entry No.1). Petitioner has twice sought federal habeas relief related to the offense underlying this conviction. *See Alpine v. Quarterman*, Civil Action No.H-08-2528 (S.D. Tex. Oct. 2, 2008) (dismissing petition filed pursuant to 28 U.S.C. § 2254 challenging conviction); *Alpine v. Krocker*, Civil Action No.H-07-0052 (S.D. Tex. Mar. 26, 2007) (dismissing petition filed pursuant to 28 U.S.C. § 2241 seeking speedy trial). In each case, the Court has notified petitioner that he must first exhaust his state remedies before seeking federal habeas relief from his aggravated assault conviction. *Id.* Because petitioner has not exhausted such remedies, the Court will dismiss the pending petition.

CLAIMS

Petitioner's pleadings and public records reflect the following: On February 27, 2007, a jury in the 184th Criminal District Court of Harris County, Texas, convicted petitioner of aggravated assault with a deadly weapon in cause number 109235, enhanced by a prior

1

conviction. (Docket Entry No.1). The state district court assessed petitioner's punishment at forty-five years confinement in the Texas Department of Criminal Justice—Correctional Institutions Division. *Alpine v. State*, No.01-07-00177-CR, 2008 WL 2388128 (Tex. App.—Houston [1st Dist.] 2008, no. pet). On June 12, 2008, petitioner's conviction was affirmed on direct appeal. *Id.* He did not file a petition for discretionary review. (Docket Entry No.1). Petitioner sought state habeas relief but his application was dismissed on August 15, 2007, because a direct appeal was pending. Texas Court website.[1] Public records do not reflect that petitioner has presented the Texas Court of Criminal Appeals with a second state habeas application from this conviction.

Petitioner executed the pending federal petition on April 6, 2009. (Docket Entry No.1). Liberally construing his petition, the Court finds that petitioner seeks federal habeas relief on grounds that the (1) evidence is insufficient to support his conviction; (2) he was not given sufficient notice of the State's intent to charge him with a deadly weapon; (3) his sentence was improperly enhanced; and (4) he was subjected to double jeopardy. (Docket Entry No.1).

DISCUSSION

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity. *Coleman v. Thompson*, 501 U.S. 722 (1991). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). Exceptions

---

[1] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2299191

exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254 (b)(1)(B).

Petitioner's pleadings and public records show that petitioner has not presented the claims in the pending petition to the Texas Court of Criminal Appeals; therefore, the claims raised in the present petition are unexhausted. Because state process remains available, petitioner does not satisfy any statutory exception to the exhaustion doctrine. Accordingly, this case is subject to dismissal for failure to exhaust.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted); *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that

reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will be denied.

## CONCLUSION

Based on the foregoing, the Court ORDERS

1. Petitioner's federal habeas action is DISMISSED WITHOUT PREJUDICE for failure to exhaust.

2. A certificate of appealability is DENIED.

3. All pending motions are DENIED.

The Clerk will provide a copy of this Order to the parties.

SIGNED at Houston, Texas, this 20th day of July, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

4